IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,)
)
                         Plaintiff,)
)
vs.)
)
DOROTHY SAMANTHA DELAY-WILSON,)
) No. 3:11-cr-0011-HRH
                         Defendant.)
_____)

O R D E R

Motion to Deny Exemption[1]

Plaintiff moves for an order denying defendant's claim of exemption[2] as to money held in the Registry of the Court pursuant to a writ of garnishment. In addition, plaintiff seeks the release of the funds in question which plaintiff claims pursuant to defendant's restitution obligation in this case. Plaintiff further requests that the court deny defendant's request for hearing, and that the funds in question be credited against defendant's restitution obligation. By order of April 8, 2021,[3] the court declined to decide the motion to deny exemption because it appeared that Rebecca Gagnon might have an interest in the funds in

---

[1]Docket No. 133.

[2]Docket No. 132.

[3]Docket No. 135.

Order – Motion to Deny Exemption                                                              - 1 -

question.  The court offered Ms. Gagnon an opportunity to state her claim, which she has now done by the filing of her May 4, 2021, pro se response[4] to the court's order dated April 8, 2021.

It is entirely clear that there is no applicable statutory exemption with respect to plaintiff's writ of garnishment in this criminal case.  See 18 U.S.C. § 3613 and plaintiff's motion Exhibit 4.[5]  Indeed, both defendant's and Ms. Gagnon's submissions take the position that defendant has no interest whatever in the funds held in the Registry of the Court.  Rather, both defendant and Ms. Gagnon take the position that the money belongs to Ms. Gagnon.

In making provision for the deposit of the garnished funds with the Registry of the Court, the court called upon plaintiff[6] to state its position in response to Ms. Gagnon's claim.  In its status report,[7] plaintiff suggests first that Ms. Gagnon appears to request that the court reconsider its April 8, 2021, order.  The court does not read Ms. Gagnon's response to the April 8 order as being a motion for reconsideration.  Rather, Ms. Gagnon's response opens by stating: "[a]s I explain below, the money at issue belongs to me."[8]  In its status report, plaintiff asserts that Ms. Gagnon "has no claim upon or right to the proceeds [which are on deposit with the Registry of the Court]."[9]

---

[4]Docket No. 136.

[5]Docket No. 133-4.

[6]Docket No. 137 at 2.

[7]Docket No. 138.

[8]Docket No. 136 at 1.

[9]Docket No. 138.

In her claim of exemption,[10] defendant requests a hearing with respect to disposition of the proceeds from the plaintiff's writ of garnishment. Similarly, Ms. Gagnon closes her response with the request: "[p]lease make an appointment for me to meet with you[,]"[11] which the court takes to be another request for a hearing for purposes of resolving the competing claims to the funds on deposit with the court.

On the basis of what is presently before the court, plaintiff's motion[12] to deny defendant's claim of exemption is granted. Inasmuch as defendant has asserted no interest in the funds in question, there is no conceivable basis for a claim of exemption. As to releasing the funds in question, however, the funds in question cannot be released as a restitution payment by defendant because ownership of the funds is in dispute.

The requests of defendant and Ms. Gagnon for a hearing are granted. Inasmuch as both defendant and Ms. Gagnon have appeared in this matter pro se, plaintiff will please take the lead in arranging a date and time during July 2021 convenient to all concerned and the court for an evidentiary hearing. It is the court's view that, due to the nature of this matter, the hearing should be in open court with the participants in attendance.

DATED at Anchorage, Alaska, this  12th  day of May, 2021.

/s/ H. Russel Holland
United States District Judge

cc:     Dorothy Samantha Delay-Wilson     Ms. Rebecca Gagnon
       1114 Unit A Latouche Street             4433 San Ernesto Ave. #112
       Anchorage, AK 99504                    Anchorage, AK  99508

---

[10]Docket No. 132.

[11]Docket No. 136 at 4.

[12]Docket No. 133.